IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSHUA SHAFER,** | : CIVIL ACTION NO. 3:23-CV-1092 |
| **Petitioner** | : (Judge Neary) |
| v. | : |
| **UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT (2D CIR.) OF NEW YORK**, *et al.*, | : |
| **Respondents** | : |

## MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Joshua Shafer, seeks a writ of habeas corpus that would either invalidate his conviction for violation of 18 U.S.C. § 924(c) to make him eligible to receive time credit under the First Step Act ("FSA") or simply award him FSA time credits despite his Section 924(c) conviction. The petition will be dismissed for lack of jurisdiction to the extent it challenges the legality of petitioner's conviction or sentence and denied in all other respects.

**I.      Factual Background & Procedural History**

Shafer, an inmate in Canaan United States Penitentiary ("USP-Canaan"), is serving a 120-month sentence of imprisonment imposed by the United States District Court for the Northern District of New York for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(b)(1)(B) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §

924(c)(1)(A)(1). (Doc. 11-1 at 3). His current anticipated release date is February 19, 2028. (Id.)

Shafer filed this case on April 28, 2023, seeking to amend his sentence so that he is no longer treated as having a conviction for violation of Section 924(c)(1)(A)(1) and can therefore earn time credits towards his sentence under the FSA. (Doc. 1 at 1). Shafer represents that he is not challenging the legality of his conviction or sentence, but rather is simply seeking a writ of habeas corpus finding that he is eligible for FSA time credits. (Id.) The case was initially filed in the Northern District of New York, but on June 29, 2023, that court determined that the petition was more appropriately construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 rather than a motion to vacate Shafer's conviction pursuant to 28 U.S.C. § 2255 and transferred the case to this district. (Doc. 5). Following the transfer, the case was initially assigned to United States District Judge Malachy E. Mannion.

Respondent responded to the petition on August 15, 2023. (Doc. 11). Respondent argues that this court lacks jurisdiction over Shafer's petition notwithstanding the fact that the Northern District of New York transferred the case to this district because Shafer's petition is properly construed as a motion to vacate, set aside, or correct Shafer's sentence pursuant to 28 U.S.C. § 2255 rather than as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] (Id. at 5-7).

---

[1] Although the Northern District of New York's decision to transfer the case to this district represents law of the case that cannot be revisited, this court is not bound by the Northern District of New York's decision that the court has subject matter jurisdiction. See, e.g., Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816-

2

Respondent further argues that Shafer's petition should be dismissed for failure to exhaust administrative remedies and that it should alternatively be denied on its merits. (Id. at 7-12). Shafer filed a reply brief on August 24, 2023, making the petition ripe for review. (Doc. 12). The case was then reassigned to the undersigned by verbal order of Chief United States District Judge Matthew W. Brann on January 21, 2025.

## II.   Discussion

Shafer's petition seeks time credits under the FSA, which allows eligible inmates who successfully complete "evidence-based recidivism reduction programs" ("EBRRs") or productive activities ("PAs") to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation. Id. Eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation. Id.

Inmates who have been convicted of certain enumerated offense are ineligible to receive credits under the FSA. See 18 U.S.C. § 3632(d)(4)(D). Among other offenses, if a petitioner has been convicted of "unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime" in

---

17 (1988); Fouad v. Milton Hershey Sch. & Sch. Tr., No. 1:19-CV-253, 2020 WL 5775018, at *4-5 (M.D. Pa. Sept. 28, 2020).

violation of 18 U.S.C. § 924(c), he is ineligible to receive time credits under the FSA. 18 U.S.C. § 3632(d)(4)(D)(xxii).

Shafer's petition seeks a writ of habeas corpus that would revise his sentence to state that he has not been convicted of a violation of Section 924(c) so that he can be deemed eligible to receive FSA time credits. Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). The United States Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e), often referred to as the saving clause, specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a Section 2255 motion is "inadequate or ineffective." Id. at 120; 28 U.S.C. § 2255(e)).

To demonstrate that a Section 2255 motion is "inadequate or ineffective," the petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. *ex rel.* Miner, 290 F.3d 536, 538 (3d Cir. 2002). Significantly, Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements

4

of . . . § 2255." Id. at 539. "It is the inefficacy of the [Section 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

Although Shafer represents that his petition does not challenge the legality of his conviction or sentence, there is no way to grant the relief he requests without reversing or amending his sentence: he is seeking FSA time credits but is barred from receiving such credits because he has been convicted of a violation of 18 U.S.C. § 924(c). 18 U.S.C. § 3632(d)(4)(D)(xxii). His petition will accordingly be dismissed without prejudice to the extent he seeks to revise his sentence because such relief must be sought in the sentencing court pursuant to Section 2255. This court does not have jurisdiction to grant the relief Shafer seeks. See 28 U.S.C. § 2255(e)); Okereke, 307 F.3d at 120.

To the extent Shafer seeks application of FSA time credits without challenging the legality of his conviction or sentence, his argument is meritless. He is expressly barred from receiving FSA credits because he has been convicted of a violation of Section 924(c). 18 U.S.C. § 3632(d)(4)(D)(xxii).

### III.   Conclusion

The petition for writ of habeas corpus is dismissed for lack of jurisdiction to the extent it seeks to challenge the legality of Shafer's criminal conviction or sentence and denied in all other respects. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   April 2, 2025